CONCURRING OPINION
I agree that Troupe's first assignment of error and the first and fifth supplemental assignments of error he asserts pro se
should be overruled, but my reasons for reaching this conclusion differ from those stated in the majority opinion. I therefore concur in part.
The majority finds that error occurred by the admission of Allen's statement to police, but concludes that the error was harmless because of the overwhelming evidence against Troupe. Had the prosecution introduced into evidence those portions of Allen's statement implicating Troupe, I would agree that the admission of the statement would have been error under Lilly v.Virginia (1999), 119 S.Ct. 1887. But while the trial court ruled, mistakenly I believe, that the entire statement could be admitted, Tr. 1378-1379, the prosecution did not offer the entire statement into evidence.
Instead, the prosecutor was very careful in the leading questions he put to Detective Burger, the officer who took Allen's statement. The State elicited only testimony that confirmed statements made by Allen in which Allen implicated Allen's own involvement in this matter. (Tr. 1383-1395.) At a side-bar conference during the course of this redirect examination, the prosecutor stated:
 [I]t's our intention to only ask [Burger] a series of questions concerning William Allen's statements against or William Allen indicating his participation in the death of Tina Kirkpatrick, and we are not going to ask Detective Burger at this point to read the entire statement into the record.
(Tr. 1387-1388.) Objecting, Troupe's counsel cited the "rule of completeness" under Evid.R. 106 and Evid.R. 403. The prosecutor answered:
 If that's the case, then, if it's at the insistence of the defense that the entire statement be read into the record, then we, as long as that's clear on the record, that it's the defense that insists on that, we will do that.
(Tr. 1388.) When the State's examination of Burger resumed, however, the State still restricted its inquiry to those statements in which Allen implicated himself.
Following Troupe's recross-examination of Detective Burger, Troupe's counsel said at side bar:
 If it please the court, I would ask that [Allen's] statement as marked be admitted into evidence and sent to the jury. I do not waive any of the objections that were raised previously in our hearing to keep the statement itself out and specifically as well our objections that the entire statement should go in, but now that the State has been allowed to examine on the statement, under the rule of completeness, 106, I believe the whole statement should go to the jury for them to *** decide what is and isn't relevant and is and isn't truthful. The best way and fairest way under 106 would be to have it all go in.
(Tr. 1405-1406.) The State responded that Troupe could not have it both ways initially by objecting to Allen's statement because portions inculpated Troupe and then by himself introducing the statement in its entirety after the State elicited testimony relating only to Allen's statements acknowledging Allen's own involvement. (Tr. 1406-1408.) This colloquy followed:
 THE COURT: [Defense counsel] may proceed and put the statement in if he wishes, and if not, I'm not going to order the statement in.
MR. SUMMERS: I'm moving that it go in.
THE COURT: I'll allow it in.
(Tr. 1408.)
In my view, it was not error for the court to admit evidence limited to Allen's statements implicating Allen's involvement in this matter. See State v. Carpenter (1997), 122 Ohio App.3d 16,27-28. Allen's inculpatory statements were corroborated by other evidence. But as the transcript of proceedings shows, the admission of Allen's statements implicating Troupe came atTroupe's insistence. Troupe therefore abandoned his prior objection to the admission of Allen's statements implicating Troupe and, if error occurred, it was invited by Troupe. Troupe cannot take advantage of an error he invited or induced. SeeState v. Bey (1999), 85 Ohio St.3d 487, 493; State v. Seiber
(1990), 56 Ohio St.3d 4, 17.
I therefore concur that Troupe's first assignment of error and his first and fifth supplemental assignments of error are without merit and should be overruled.